**EDNER v. MATHEWS.**

**Civ. A. No. 6455.**

District Court, W. D. Pennsylvania.

March 3, 1948.

See also 59 F.Supp. 688.

Ralph H. German, of Pittsburgh, Pa., for plaintiff.

Albrecht, Maguire & Mills, of Buffalo, N. Y., for defendant.

McVICAR, District Judge.

In this action plaintiff, trustee in bankruptcy of George H. Lum, now deceased, and defendant, individually and as executrix of the estate of George B. Mathews, seek to recover the insurance money paid into Court of $42,352.52, by the Massachusetts Mutual Life Insurance Company, on three insurance policies on the life of George H. Lum. The plaintiff and the defendant were interpleaded by the Insurance Company and as a result of an order made by this Court, they were made parties plaintiff and defendant as above set forth.

The action is now before us on several motions. The one now being discussed is the motion of defendant for judgment on the pleadings, which consists of plaintiff's complaint, defendant's answer and plaintiff's reply.

The following facts were established for the purpose of the motion under consideration:

(1) The Massachusetts Mutual Life Insurance Company issued three policies of insurance on the life of George H. Lum, one for $7,000, another for $5,000 and another for $30,000 which at the time material under the facts, were payable to his executors, administrators and assigns.

(2) February 2, 1934, George B. Mathews, party of the first part, and George H. Lum, party of the second part, entered into a contract wherein Lum assigned said policies to Mathews with an option to repurchase, which was not exercised.

(3) The contract of February 2, 1934 contained, inter alia, the following provisions: " * * * III. Now therefore, in

consideration of One Dollar ($1.00) and of other good and lawful consideration hereinafter expressed, it is hereby agreed that the party of the first part will buy and the party of the second part will sell all the right, title and interest of the party of the second part in the following assets for the sum of $71,801.21 * * * " a statement of the property sold which included the above-named insurance policies.

In relation to the option contained in the contract to repurchase: "It is further agreed that this option shall be for a period of fifteen years, provided, however, that if any monthly payment of the consideration for his option shall be in arrears for one hundred and twenty days, then this option shall be cancelled and all rights of the party of the second part hereunder shall cease."

(4) Merritt I. Edner, trustee in bankruptcy of George H. Lum, brought an action in this Court against Jenny R. Mathews, executrix of the estate of George B. Mathews, deceased, C.A. 1769. In this action, plaintiff sought to recover 1000 shares of stock under the contract of February 2, 1934.

Merritt I. Edner, trustee in bankruptcy of George H. Lum, brought another action against Massachusetts Mutual Life Insurance Company at C.A. 2200, in this Court. Plaintiff, in this action, sought to recover the cash surrender value of the three policies named above, upon the life of George H. Lum. In this action, Jenny R. Mathews, as executrix of the estate of George B. Mathews, deceased, was made a third-party defendant.

This Court, in an opinion by Judge Schoonmaker, denied plaintiff's claim for relief in both actions. D.C., 58 F.Supp. 486, 487. The Court found, inter alia, the following facts:

"2. In 1933, George H. Lum, the bankrupt, was in financial difficulty, and in danger of losing collateral pledged to secure loans. He appealed to George B. Mathews, deceased, for assistance; and on February 2, 1934, Lum and Mathews entered into a contract by which Lum conveyed to Mathews certain shares of stock, notes, royalties, options, mortgages, farms, life insurance, etc., for the sum of $71,801.21, which amount Mathews paid to some of Lum's creditors, some unsecured, some secured by the assets conveyed to Mathews. The real and personal property conveyed to Mathews constituted practically all of Lum's assets.

"3. The contract of February 2, 1934, gave Lum a fifteen year option to repurchase any of the above-transferred assets at such terms as the parties could agree upon; or Lum could purchase all of the assets for $109,765.83, plus four per cent interest or its equivalent in purchasing power. This repurchase price was the sum of the amount paid by Mathews to Lum's creditors and the amount Lum owed Mathews on notes and open account:

| | |
|---|---|
| Paid by Mathews | $ 71,801.21 |
| Owed to Mathews | 37,964.62 |
| Total | $109,765.83" |

The notes held by Mathews were secured by shares of oil stock. The Court made, inter alia, the following conclusions of law:

"II. The contract of February, 1934, was a valid contract of sale.

"V. Lum's option rights under the contract were forfeited by a failure to maintain the monthly payments; * * *."

Judge Schoonmaker, in his opinion, stated, inter alia:

"The contract of February 2, 1934, was a valid contract of sale entered into for a present consideration; i. e., the cancellation of Lum's debt to Mathews and the payment of debts owed by Lum at that time except a few debts that were otherwise secured. * * *

"There was no evidence in the instant case from which it could be found that the parties intended the contract to operate as a general assignment."

The above cases established that the title to said insurance policies was in the defendant. They are res judicata of the action now before us.

Independently of the rule of res judicata, I conclude that the aforesaid contract of February 2, 1934, vested title in said insurance policies in the defendant.

Judgment on the pleadings should be entered in favor of the defendant. Let an order be prepared and submitted accordingly.